**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HERBERT STUDSTILL,

    Plaintiff,

v.

TINA BROOKS GREEN,

    Defendant.

_____/

Civil Action No. 17-12611

HONORABLE DENISE PAGE HOOD

**ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYING FEES,
SUMMARILY DISMISSING AND CLOSING ACTION,
FINDING ALLEGATIONS FRIVOLOUS,
AND
ENJOINING PLAINTIFF HERBERT STUDSTILL (EL)
FROM FILING ANY NEW ACTION WITHOUT FIRST
OBTAINING PERMISSION FROM THE COURT**

**I.    SUMMARY DISMISSAL OF COMPLAINT**

Before the Court is Plaintiff Herbert Studstill's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports his claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the action as frivolous and for failure to state a claim upon which relief may be granted.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519

2

(1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Plaintiff alleges in his Complaint that on February 8, 2016, a hearing was held before District Judge Tina Brooks Green of the 34th Judicial District, State of Michigan, where Plaintiff challenged the jurisdiction of the court over his person. (Doc. No. 1, Pg ID 4) Plaintiff claims that he had requested Judge Green for her oath of office, but Judge Green refused to show Plaintiff the oath. *Id*. Instead, Plaintiff asserts that Judge Green threatened him with 20 hours of community service. *Id.* Plaintiff argues that Judge Green was without jurisdiction to proceed in his case or to force him to undergo a mental evaluation. *Id*. at 5. Plaintiff further asserts that Judge Green committed an act of treason when she failed to uphold her oath of office. *Id*.

Liberally construing Plaintiff's Complaint, the Court finds that it fails to state a claim upon which relief may be granted under Rule 12(b)(6). Defendant is a judicial officer. As a general rule, judges are entitled to absolute judicial immunity on claims for monetary damages under 42 U.S.C. § 1983. *Mireles v. Waco,* 502 U.S. 9, 10 (1991). "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk,* 389

F.3d 614, 617 (6th Cir. 2004), citing *Pierson v. Ray,* 386 U.S. 547, 553-54(1967). Injunctive relief against a judicial officer is also foreclosed under 42 U.S.C. § 1983 ("injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission take in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."). *See Kipen v. Lawson,* 57 F. App'x 691 (6th Cir. 2003); *Kircher v. City of Ypsilanti,* 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006); *Hass v. Wisconsin,* 109 F. App'x 107, 113-14 (7th Cir. 2004); *Savage v. Mester,* 2007 WL 3173369, Case No. 07-14200 (E.D. Mich. Oct. 29, 2007).

It appears that Plaintiff is seeking to further litigate the criminal action against him on the Obstruction of Justice criminal matter which was before the Defendant. The Supreme Court in *Heck v. Humphrey,* 512 U.S. 477 (1994) held that a state prisoner cannot state a cognizable claim under 42 U.S.C. § 1983 if a ruling on the claim would necessarily imply the invalidity of a conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486-87. Plaintiff's claim seeking to review the criminal matter before the Defendant must be dismissed for failure to state a claim upon which relief may be granted.

## II. ENJOINING FURTHER FILING

The instant action is the thirteenth action[1] filed by Plaintiff within the last two years. Ten of the actions were summarily dismissed by the various judges assigned to the case. (See footnote 1 *infra.*) Two of the cases were dismissed based on motions by the defendant. (See Case Nos. 15-12336 and 15-14043) Plaintiff sued

---

[1] The twelve previously-filed cases are:
1) *Studstill El v. Taylor,* Case No. 15-12336 (Drain; granted defendant's motion to dismiss);
2) *Studstill El v. Romulus,* Case No. 15-12545 (Friedman; dismissed under 28 U.S.C. § 1915(e));
3) *Studstill El v. Michigan Dep't of State*, Case No. 15-14043 (Lawson; granted defendant's motion to dismiss);
4) *Studstill El v. Hindman* (state district judge), Case No. 16-10536 (Tarnow; dismissed under 28 U.S.C. § 1915(e));
5) *Studstill El v. Floyd-King* (Plaintiff's mother), Case No. 16-12406 (Leitman; dismissed under 28 U.S.C. § 1915(e));
6) *Studstill El v. Floyd-King* (Plaintiff's mother), Case No. 16-14068 (Drain; dismissed under 28 U.S.C. § 1915(e));
7) *Studstill El v. Oakley* (state district judge)*,* Case No. 16-14239 (Michelson; dismissed under 28 U.S.C. § 1915(e));
8) *Studstill El v. Sollors*, Case No. 16-14374 (Tarnow; dismissed under 28 U.S.C. § 1915(e));
9) *Studstill v. Burcroff*, Case No. 17-10252 (Friedman; dismissed under 28 U.S.C. § 1915(e));
10) *Studstill v. Read,* Case No. 17-10584 (O'Meara; dismissed for failure to pay filing fee or submit an application to proceed without prepaying fees);
11) *Studstill El v. Oakwood Annapolis Hospital,* Case No. 17-10740 (Levy; dismissed pursuant to an order to show cause); and,
12) *Studstill El v. Holden,* Case No. 17-12326 (Cohn; dismissed under 28 U.S.C. § 1915(e)).

5

his own mother in two cases for slander while speaking on his behalf in court. (See Case Nos. 16-12406 and 16-14068) Plaintiff also sued two state court district judges. (See Case Nos. 16-10536 and 16-14239.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see also, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. *See e.g., Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

In light of Plaintiff's now thirteen filed actions (most have been summarily

6

dismissed by various judges in this Court), it is appropriate the Plaintiff must obtain permission of the district court for any new action to assure that the claims are not frivolous or harassing. Many of Plaintiff's actions relate to the state court proceedings before the 34th Judicial District Court, State of Michigan. Plaintiff is enjoined from further filing new actions without permission from the judge assigned to any new proposed complaint.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed as frivolous and Plaintiff is further enjoined from filing any new action without obtaining permission to do so.

Accordingly,

IT IS ORDERED that Plaintiff Joseph Emerson's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs **(Doc. No. 2)** is **GRANTED**.

IT IS FURTHER ORDERED that the action is **DISMISSED** with prejudice and this action is designated as **CLOSED** on the docket.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

IT IS FURTHER ORDERED that Plaintiff Herbert Studstill (El) is **ENJOINED** from filing any new action without first obtaining permission from the judge assigned to any new proposed complaint sought to be filed, whether the documents is entitled "Complaint" or a letter or any other document.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 23, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 23, 2017, by electronic and/or ordinary mail.

S/Julie Owens
Acting in the absence of LaShawn Saulsberry
Case Manager
